## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| DAWNELL SIEGEL, | § | Case No. |
| | § | |
| Plaintiff, | § | |
| | § | **COMPLAINT FOR DAMAGES** |
| v. | § | **UNDER THE TELEPHONE** |
| | § | **CONSUMER PROTECTION ACT** |
| NATIONSTAR MORTGAGE, LLC, | § | **AND OTHER EQUITABLE RELIEF** |
| | § | |
| Defendant. | § | **JURY TRIAL DEMANDED** |

## PARTIES

1.  Plaintiff, Dawnell Siegel ("Dawnell"), is a natural person who resided in Granbury, Texas, at all times relevant to this action.

2.  Defendant, Nationstar Mortgage, LLC ("Nationstar"), is a Delaware limited liability company that maintained its principal place of business in Coppell, Texas, at all times relevant to this action.

## JURISDICTION AND VENUE

3.  Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this matter as it arises under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4.  Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5.  Within the past forty-eight months, Nationstar began calling Dawnell on her cellular phone ending in -9102 regarding her home mortgage.

6.  Shortly after the calls began, Dawnell communicated her desire that Nationstar cease calling her.

- 1 -

7.  In so doing, Dawnell revoked her consent to be called by Nationstar on Dawnell's cellular phone number ending in -9102.

8.  Despite this communication, Nationstar continued to call Dawnell on her cellular phone on an almost daily basis.

9.  Nationstar's collection efforts, including but not limited to its telephone calls, caused Dawnell emotional distress in the form of frustration, annoyance, aggravation, and anxiety.

10. Nationstar's collection efforts also intruded upon Dawnell's privacy.

11. In addition, each time Nationstar placed a telephone call to Dawnell, Nationstar occupied Dawnell's telephone number such that Dawnell was unable to receive other phone calls at that telephone number while Nationstar was calling her.

12. Nationstar's telephone calls also forced Dawnell to lose time by having to tend to Nationstar's unwanted calls.

## APPLICABLE LAW

13. Senator Fritz Hollings, the original sponsor of the TCPA, stated:

    Computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall.

    137 Cong. Rec. 30,821 (1991).

14. The TCPA defines an automatic telephone dialing system ("ATDS") as "equipment which has the capacity…(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."  47 U.S.C. § 227(a)(1).

15. "[A] predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls.  The hardware, when paired with certain software, has the capacity

to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 7973, ¶ 13 (2015); *see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

16.   A predictive dialer is an ATDS within the meaning of the TCPA. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 7973, ¶ 13 (2015); *see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

17.   Nationstar used a predictive dialer to place calls to Dawnell on her cellular telephone.

18.   Nationstar also used an artificial or prerecorded voice to place calls to Dawnell on her cellular telephone.

19.   The TCPA provides, in part:

> (b)      RESTRICTIONS  ON  THE  USE  OF  AUTOMATED  TELEPHONE EQUIPMENT.—
>
> > (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
> >
> > > (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
> >
> > * * *

> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call…

47 U.S.C. §§ 227(b)(1)(A)(iii).

20. The term "called party," as used in Section 227(b)(1)(A) of the TCPA, refers to the subscriber or the regular user of the called number at the time the telephone call is made. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961,7999-8000, ¶ 72-73 (2015).

21. Dawnell was the "called party" in each telephone call Nationstar placed to Dawnell's cellular telephone.

22. The "called party" may revoke and prior consent to be called on their cellular phone in any reasonable manner. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961,7993, ¶ 55 (2015); *Brown v. Credit Mgmt., LP*, 131 F. Supp. 3d 1332, 1345 (N.D. Ga. 2015) ("The unwillingness [to receive calls] 'may be manifested to the actor by any words or conduct inconsistent with the continued consent.'").

## COUNT ONE

### Violation of the Telephone Consumer Protection Act

23. Dawnell re-alleges and incorporates by reference Paragraphs 5 through 22 above as if fully set forth herein.

24. Defendant violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time using an ATDS and/or an artificial or prerecorded voice to call Dawnell on her

cellular telephone without Dawnell's prior express consent or after such consent had been revoked.

25.   In addition, The TCPA provides, in part:

> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

26.   The Communications Act of 1943, of which the TCPA is a part, defines "willful" as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision[], rule or regulation...."  47 U.S.C. § 312(f).

27.   In order to establish a "willful" or "knowing" violation of the TCPA, a plaintiff need not demonstrate that the defendant intended to violate the statute, or that it knew or should have known it was violating the statute.  *See Roylance v. ALG Real Est. Servs., Inc*. 2015 WL 1522244, *9 (N.D. Cal. Mar. 16, 2015); *Bridgeview Health Care Ctr. Ltd. v. Clark*, 2013 WL 1154206, *7 (N.D. Ill. Mar. 19, 2013); *Stewart v. Regent Asset Mgmt. Solutions, Inc.*, 2011 WL 1766018, *7 (N.D. Ga. May 4, 2011).

28.   Instead, a plaintiff need only show that the defendant engaged in a "voluntary act" that violated the TCPA.  *See Bridgeview*, 2013 WL 1154206, at *7; see also *Roylance*, 2015 WL 1522244, at *9 (intentionally making phone calls that violated TCPA, without intent to violate the statute, was sufficient to warrant treble damages).

29.   Nationstar voluntarily placed telephone calls to Dawnell's cellular telephone number using an ATDS and/or an artificial or prerecorded voice.

30.   Nationstar's violations of 47 U.S.C. § 227(b)(1)(A) were willfully and knowingly made.

**JURY DEMAND**

31.    Plaintiff demands a trial by jury.


**PRAYER FOR RELIEF**

32.    Plaintiff prays for the following relief:

     a.    An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

     b.    Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

     c.    For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC LPA


Date: October 10, 2016         By:    */s/ David M. Menditto*
                      David M. Menditto, Esq.
                      Illinois Bar No. 6216541
                      1100 W. Cermak Rd., Suite B410
                      Chicago, IL  60608
                      Phone: 312-380-6110
                      Facsimile: 312-361-3509
                      Email: davidm@fairdebt411.com
                      Attorney for Plaintiff